Victor BUSTAMANTE, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–97–00008–CR.

Court of Appeals of Texas,
El Paso.

July 31, 2002.

Kristina K. Voorhies, Voorhies & Williams, El Paso, for Appellant.

Jaime Esparza, District Attorney, El Paso, for The State.

Before Panel No. 3 BARAJAS, C.J., LARSEN, and CHEW, JJ.

## OPINION ON REMAND

DAVID WELLINGTON CHEW, Justice.

Appellant was sentenced to 29 years' and 6 months' imprisonment in the Institutional Division of the Department of Corrections. In our opinion dated September 23, 1999, we sustained one of the six issues brought before us and reversed and remanded for a new trial. The Texas Court of Criminal Appeals granted the State's petition for discretionary review to determine whether we had erred in failing to apply *McCarron v. State*, 605 S.W.2d 589 (Tex.Crim.App.1980) to comments made by trial judges. The Court of Criminal Appeals held on June 13, 2001, that our conclusion that *McCarron* was a bright-line rule that did not apply to judges was error. The Court also noted that "[a] state-

ment can be a comment on the defendant's failure to testify even if it is made before the defendant rests his case." *Bustamante v. State*, 48 S.W.3d 761, 767 (Tex. Crim.App.2001)

On remand, we have again considered the record, and guided by *Bustamante,* we again conclude that trial court erred in failing to grant a motion for mistrial because of the trial court's comments on the defendant's failure to testify. *Ibid* We reverse and remand for a new trial.

Appellant was convicted of murder for the shotgun shooting death of David Avelar in the early morning hours of July 5, 1996. Avelar and a friend were returning from a store at approximately 2 a.m. Their route took them past Appellant's house. Appellant was standing in his front yard, and an argument broke out between him and Avelar. Appellant asked Avelar and his friend to leave, and then shot Avelar. Appellant asked that the jury be charged on several defensive theories: self-defense; apparent danger; mistake of fact; and intervening cause of death. All but the intervening cause of death instruction were refused.

Appellant brought six issues, but again because our determination of the appeal turns on issue two, we decline to address the remaining issues. Appellant contends in his second issue that the trial court erred in failing to grant his motion for a mistrial because the judge commented on the defendant's failure to testify. While the defense was conducting its cross-examination of Antonio Medrano, a deputy sheriff for El Paso County, who searched and arrested Appellant, the following exchange took place [1]:

Defense 1: What sort of gangs are out there?

Prosecutor: Your Honor, I'm going to again object to relevance. He has yet to establish anything that relates to anything.

Defense 1: It's going to the state of mind of the defendant.

The Court: *Well, as soon as I hear the defendant, we'll get into it.*

Prosecutor: Then he can put his client on the stand and have him testify.

Defense 2: Objection. [Emphasis added].

At this point the parties approached the bench and held this discussion out of the hearing of the jury:

Defense 1: Judge, at this time, I'd object to the Court making a comment on the defendant's rights in front of the jury, Fifth Amendment right, Constitutional right. I object to the Court doing that. I would ask—first of all, I'd like a ruling on that.

Defense 2: The Court was speaking to the prosecutor.

Defense 1: No, it doesn't matter. The judge mentioned in front of the jury that: Once I hear from the defendant, then we'll get into it.

The Court: *That's true.* [Emphasis added].

The court sustained the objection, and gave the following curative instruction:

The Court: *The jury is instructed to disregard any comment I made regarding the issue regarding the gang relevance after we hear from the defendant, that I may have said or the prosecutor may have said.* [Emphasis added].

Appellant moved for a mistrial at this time and at the close of the State's evidence. The motion was denied both times.

---

1. Appellant was represented by two attorneys at trial.

■ Generally, a comment on the defendant's failure to testify violates the privilege against self-incrimination contained in the Fifth Amendment to the United States and Article I, § 10 of the Texas Constitution. *See* U.S. CONST. art. V; TEX. CONST. art. I, § 10. Thus, any error in this area is subject to the harm analysis of Rule 44.2(a) of the Rules of Appellate Procedure. *See* TEX.R.APP.P. 44.2(a). Under this rule, an appellate court must reverse the conviction if it cannot determine beyond a reasonable doubt that the error did not contribute to the conviction or the punishment.

■ Comparison of the comments here with the cases cited in *Bustamante,* cause us to remain convinced that the trial courts comments were such that the jury would necessarily and naturally take it as a comment on the defendant's failure testify. The comment was a direct reference on the accused's right against self-incrimination, and also implies that any evidence that related to the accused's state of mind is not of any consequence until the defendant takes the stand. The error was compounded when the prosecutor immediately responds, "Then he can put his client on the stand and have him testify." This only served to reinforce in the jury's mind that the defendant should testify about what happened.

It is evident that the trial judge realized that he had unintentionally made an improper comment and he sustained the defense objection to his own comment. But, in trying to cure the improper comment, the trial court actually compounded the error as the instruction itself is another comment on the defendant's failure to testify. The judge instructs the jury to disregard his comment on the defendant's failure to testify by stating: "The jury is instructed to disregard any comment I made regarding the issue regarding the gang relevance *after we hear from the defendant,* that I may have said or the prosecutor may have said." [Emphasis added]. He instructs the jury to disregard the comment about gang relevance, which was a comment made by the prosecutor. The only mention of the defendant's right *not* to testify is a comment that still refers to the "gang relevance" *after the defendant testifies.* We find that this instruction could only have the effect of further conveying to the jury that the defendant was obliged to testify in order to mount any defense to the crime with which he was charged. This instruction is not specific to the comment and does nothing to mitigate its effect.

In looking at the comment in light of the entire record, we cannot say beyond a reasonable doubt that these comments did not contribute to the conviction or punishment in this case. The witness that was with David Avelar at the scene, Arturo Chavez, was the State's main witness. His testimony is often contradictory (*i.e.*—at what point in time his wife arrived at the scene, where Bustamante was standing, where Avelar was standing). Additionally, there was testimony that Avelar was a drug user and fairly heavy drinker. Although the doctors who testified in the case were of the opinion that Avelar died as a result of his gunshot wounds, the State's witness, Dr. Contin, conceded that a combination of the types of drugs Alvelar had present in his system could kill someone. There was also a written report that indicated that a cocaine overdose could have caused severe brain injury. However, the jury still found Bustamante guilty and sentenced him to a lengthy prison term.

For the foregoing reasons, we sustain Appellant's second issue and we reverse

the conviction and remand the case to the trial court for a new trial.