COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-370-CR
 
LAWRENCE E. WIMBREY, JR.       
           
           
           
                           
    APPELLANT
A/K/A LAWRENCE E. WIMBREY
V.
THE STATE OF TEXAS           
           
           
           
           
    STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
------------
OPINION
------------
Appellant Lawrence E. Wimbrey, Jr. a/k/a
Lawrence E. Wimbrey appeals from his conviction for aggravated robbery with a
deadly weapon. Appellant pled not guilty. A jury convicted him, and the trial
court sentenced him to forty years' imprisonment. In two points, Appellant
complains that the State improperly commented on his failure to testify and that
the evidence was factually insufficient to support his conviction. We affirm.
Around 10:00 p.m. on December 27, 2001, a
man entered a Fort Worth Blockbuster video store where Anita Lerma and Chris
Cook were working. Lerma, the manager on duty, and Cook were working at the
front of the store's check-out area. The man approached the counter,
surreptitiously pointed a gun at Lerma and Cook, and forced them to empty the
contents of the cash registers into a bag. The man said, "[T]hank you, have
a nice day," and left the store.
Although five time-lapse video security
cameras were located in the store, they did not capture images of either the gun
or of Lerma handing the bag of money to the man. About two months after the
robbery, both Lerma and Cook separately identified Appellant in a photographic
lineup. Neither had any doubt of their identification of Appellant as the
robber. At trial, both Lerma and Cook identified Appellant as the man who robbed
the store. Both Lerma and Cook testified that Appellant had used a gun and that
a robbery had occurred.
Point
1
In his first point, Appellant argues that
his conviction should be reversed because the prosecutor commented on his
failure to testify. The record reflects during final argument at the guilt phase
of trial, the prosecutor argued to the jury:

        
 But when you all work through [the evidence], you will come down to the same
 conclusion, that on December 27th, a man walked in there coolly and calmly,
 you see the pictures, walking through the store, walks up, no movie in his
 hands, certainly not checking out, they keep making the point where there's no
 picture of the money or the bag on the videotape.
        
 Well, nobody is disputing there's a robbery. [Emphasis added.]

 
To determine if a prosecutor's comment
violated article 38.08 and constituted an impermissible reference to an
accused's failure to testify, we must consider whether the language used was
manifestly intended or was of such character that the jury would naturally and
necessarily consider it to be a comment on the failure of the accused to
testify. Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon 1979); see Bustamante
v. State, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001); Fuentes v. State,
991 S.W.2d 267, 275 (Tex. Crim. App.), cert. denied, 528 U.S. 1026
(1999). The offending language must be viewed from the standpoint of the jury
and the implication that the comment referred to the accused's failure to
testify must be clear. Bustamante, 48 S.W.3d at 765; Swallow v.
State, 829 S.W.2d 223, 225 (Tex. Crim. App. 1992). It is not sufficient
that the language might be construed as an implied or indirect allusion to the
accused's right to remain silent. Patrick v. State, 906 S.W.2d 481,
490-91 (Tex. Crim. App. 1995), cert. denied, 517 U.S. 1106 (1996).
If the prosecutor's remark called the
jury's attention to the absence of evidence that could only be supplied by the
testimony of the accused, the comment is improper; however, if the language
reasonably can be construed to refer to Appellant's failure to present evidence
other than his own testimony, the comment is not improper. Wolfe v. State,
917 S.W.2d 270, 279 (Tex. Crim. App. 1996); Madden v. State, 799 S.W.2d
683, 700 (Tex. Crim. App. 1990), cert. denied, 499 U.S. 954 (1991).
Even if the State's remark was a comment
on Appellant's failure to testify, we hold that no harm occurred. We apply a
rule 44.2(a) constitutional harm analysis in situations where the State comments
on a defendant's failure to testify and reverse only when we determine beyond a
reasonable doubt that the error contributed to the defendant's conviction or
punishment. Tex. R. App. P. 44.2(a); see Carroll v. State, 68 S.W.3d
250, 253 (Tex. App.--Fort Worth 2002, no pet.) (holding trial court
unconstitutionally coerced defendant into testifying at sentencing in violation
of Fifth Amendment; conducting harm analysis under Tex. R. App. P. 44.2(a)); Bustamante
v. State, No. 08-97-00008-CR, slip op. at 3-4, 2002 WL 1764048, at *2 (Tex.
App.--El Paso July 31, 2002, no pet.) (reviewing error involving comment on
defendant's failure to testify under Tex. R. App. P. 44.2(a)).
The question is whether the prosecutor's
comment, if error, was harmless beyond a reasonable doubt. See Williams v.
State, 958 S.W.2d 186, 194 (Tex. Crim. App. 1997). In applying the
"harmless error" test, our primary question is what effect the error
had, or reasonably may have had, on the jury's decision. Mosley v. State,
983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g), cert. denied, 526
U.S. 1070 (1999).
Our harmless error analysis must focus
upon the error rather than the propriety of the outcome of the trial, trace its
probable impact upon the jury, and determine whether it contributed to the
conviction or punishment. Wesbrook v. State, 29 S.W.3d 103, 119 (Tex.
Crim. App. 2000), cert. denied, 532 U.S. 944 (2001); Harris v.
State, 790 S.W.2d 568, 585-87 (Tex. Crim. App. 1989). We consider the
source and nature of the error, the extent that it was emphasized by the State,
its probable collateral implications, the weight a juror would probably place on
the error, and whether declaring it harmless would likely encourage the State to
repeat it with impunity. Harris, 790 S.W.2d at 587. This requires us to
evaluate the entire record in a neutral, impartial, and even-handed manner, not
in the light most favorable to the prosecution. Id. at 586.
In our review of the record, the context
of the prosecutor's statement shows that it was an off-hand comment and was not
intended to taint the trial process with an improper argument. Further, when
defense counsel objected to the State's argument and the trial court overruled
the objection, the State completely abandoned its argument and never again
mentioned the fact that the occurrence of the robbery was undisputed. Although
the trial court overruled Appellant's objection, the court commented, "This
is argument. It's not evidence. Let's move on." The trial court's statement
de-emphasized the importance of the comment to the jury. Since the prosecutor's
off-hand comment was not reinforced or emphasized, and the court de-emphasized
its importance, the probable impact of the error on the jury was minimal, if
any. After carefully reviewing the record and performing the required harm
analysis under rule 44.2(a), we hold beyond a reasonable doubt that the trial
court's alleged error did not contribute to Appellant's conviction or
punishment. Tex. R. App. P. 44.2(a).
Point
2
In his second point, Appellant contends
that the evidence adduced at trial was factually insufficient to support his
conviction for aggravated robbery. In reviewing the factual sufficiency of the
evidence to support a conviction, we are to view all the evidence in a neutral
light, favoring neither party. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996). Evidence is factually insufficient if it is so weak as to be clearly
wrong and manifestly unjust or the adverse finding is against the great weight
and preponderance of the available evidence. Johnson, 23 S.W.3d at 11.
Therefore, we must determine whether a neutral review of all the evidence, both
for and against the finding, demonstrates that the proof of guilt is so
obviously weak as to undermine confidence in the verdict, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof. Id.
In performing this review, we are to give due deference to the fact finders'
determinations. Id. at 8-9; Clewis, 922 S.W.2d at 136.
Consequently, we may find the evidence factually insufficient only where
necessary to prevent manifest injustice. Johnson, 23 S.W.3d at 9, 12; Cain
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).
After our careful review of the record, we
hold that the evidence was factually sufficient to support the jury's verdict. See
Johnson, 23 S.W.3d at 9, 12. We affirm the trial court's judgment.
 
                                                                       
DIXON W. HOLMAN
                                                                       
JUSTICE
 
PANEL B: HOLMAN, GARDNER, and WALKER, JJ.
 
PUBLISH
DELIVERED: March 27, 2003