COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-173-CR
 
JOHN EDWARD SIKES
                                                           APPELLANT
V.
THE STATE OF
TEXAS                                                              
STATE
------------
FROM THE 43
RD DISTRICT COURT OF PARKER
COUNTY
------------
MEMORANDUM OPINION
(1)
------------
After presentation of evidence by the State only, appellant John Edward
Sikes, Jr. was convicted of driving while intoxicated (DWI). In his sole point
on appeal, he argues that the trial court erred in denying his objection to a
portion of the State's jury argument that commented on his failure to testify.
We affirm.
During closing at guilt-innocence, the State argued:

        Now,
 with regard to [appellant's trial counsel's] contention -- he made several
 statements during cross-examination and during his closing argument that the
 defendant has some sort of infirmities that would prevent him or reduce his
 abilities to perform the field sobriety tests.
        And
 while the defendant certainly does not have to present any evidence, and
 certainly has a right to rest on his presumption of innocence or to rest
 without presenting any evidence, he has the right to call witnesses, and he
 has the right to produce evidence. And you've seen no evidence of the
 defendant's alleged infirmities. There's been no sort of medical documentation
 that he has a leg problem. The defendant didn't tell you he
 has a leg problem. The only thing -- [Emphasis added.]

 
Appellant objected to the italicized statement on the ground that it
was a comment on his failure to testify. The trial court overruled the
objection, and the State continued:

        And
 let me clarify that. On the video when he was talking about what he can and
 can't do, he was talking about that he has cataracts. He's talking about his
 problems. He doesn't say anything on the video about any sort of leg problems
 or back problems or anything else. Those infirmities come solely from
 [appellant's trial counsel].(2)

Assuming, without deciding, that the trial court erred in overruling
the objection, we conclude that no harm occurred. Because a comment on
appellant's failure to testify would violate his fundamental constitutional
right against self-incrimination, we apply a constitutional harm analysis. See
Tex. R. App. P. 44.2(a); Bustamante v. State, No.
08-97-00008-CR, 2002 WL 1764048, at *2 (Tex. App.--El Paso July 31, 2002, no
pet.) (reviewing error involving comment on defendant's failure to testify under
Tex. R. App. P. 44.2(a)); Carroll v. State, 68 S.W.3d 250,
253 (Tex. App.--Fort Worth 2002, no pet.) (holding trial court
unconstitutionally coerced defendant into testifying at sentencing in violation
of Fifth Amendment; conducting harm analysis under Tex. R. App. P. 44.2(a)).
The question is whether the trial court's error in overruling
appellant's objection to the State's argument was harmless beyond a reasonable
doubt. See Williams v. State, 958 S.W.2d 186, 194 (Tex.
Crim. App. 1997). In applying the "harmless error" test, our primary
question is what effect the error had, or reasonably may have had, on the jury's
decision. Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim.
App. 1998) (op. on reh'g), cert. denied, 526 U.S. 1070
(1999). Our harmless error analysis must focus upon the error rather than the
propriety of the outcome of the trial, trace its probable impact upon the jury,
and determine whether it contributed to the conviction or punishment. Wesbrook
v. State, 29 S.W.3d 103, 119 (Tex. Crim. App. 2000), cert.
denied, 532 U.S. 944 (2001); Harris v. State, 790
S.W.2d 568, 585-87 (Tex. Crim. App. 1989). We consider the source and nature of
the error, the extent that it was emphasized by the State, its probable
collateral implications, the weight a juror would probably place on the error,
and whether declaring it harmless would be likely to encourage the State to
repeat it with impunity. Harris, 790 S.W.2d at 587. This
requires us to evaluate the entire record in a neutral, impartial, and
even-handed manner, not in the light most favorable to the prosecution. Id.
at 586.
The comment at issue was made in rebuttal to appellant's attempts to
create the impression in the minds of the jury that he suffered from an
infirmity that made him drive erratically or appear intoxicated. There was no
evidence in the record that appellant suffered from a specific infirmity other
than cataracts. Further, the State did not state anywhere else in the record
that appellant did not testify regarding "leg problems" or other
infirmities. Given the strength of the evidence supporting appellant's
conviction, we do not believe that the jury would have placed much weight on the
prosecutor's statement in convicting appellant, nor is it likely that the
verdict would have been different had the statement not been made. We also do
not see any reason to anticipate the State repeating the error with impunity by
us declaring the error harmless.
After carefully reviewing the record and performing the required harm
analysis under rule 44.2(a), we hold beyond a reasonable doubt that the trial
court's error did not contribute to appellant's conviction or punishment. Tex.
R. App. P. 44.2(a). We overrule appellant's sole point.
We affirm the trial court's judgment.
 
                                                             
        PER
CURIAM
 
PANEL F: DAY, HOLMAN, and GARDNER, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: July 24, 2003

1. See Tex. R. App. P. 47.4.
2. The prosecution is referring to a videotape taken of
appellant while he was in police custody in the intoxilizer room.