JOHN EDWARD SIKES JR. V. THE STATE OF TEXAS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-173-CR

JOHN EDWARD SIKES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 43
RD
 DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

After presentation of evidence by the State only, appellant John Edward Sikes, Jr. was convicted of driving while intoxicated (DWI).  In his sole point on appeal, he argues that the trial court erred in denying his objection to a portion of the State’s jury argument that commented on his failure to testify.  We affirm.

During closing at guilt-innocence, the State argued:

Now, with regard to [appellant’s trial counsel’s] contention -- he made several statements during cross-examination and during his closing argument that the defendant has some sort of infirmities that would prevent him or reduce his abilities to perform the field sobriety tests.

And while the defendant certainly does not have to present any evidence, and certainly has a right to rest on his presumption of innocence or to rest without presenting any evidence, he has the right to call witnesses, and he has the right to produce evidence.  And you’ve seen no evidence of the defendant’s alleged infirmities.  There’s been no sort of medical documentation that he has a leg problem. 
The defendant didn’t tell you he has a leg problem
.  The only thing -- [Emphasis added.]

Appellant objected to the italicized statement on the ground that it was a comment on his failure to testify.  The trial court overruled the objection, and the State continued:

And let me clarify that.  On the video when he was talking about what he can and can’t do, he was talking about that he has cataracts.  He’s talking about his problems.  He doesn’t say anything on the video about any sort of leg problems or back problems or anything else.  Those infirmities come solely from  [appellant’s trial counsel].
(footnote: 2) 

Assuming, without deciding, that the trial court erred in overruling the objection, we conclude that no harm occurred.  Because a comment on appellant’s failure to testify would violate his
 fundamental constitutional right against self-incrimination
, we apply a constitutional harm analysis.  
See
 
Tex. R. App. P.
 44.2(a); 
Bustamante v. State
, No. 08-97-00008-CR, 2002 WL 1764048, at *2 (Tex. App.—El Paso July 31, 2002, no pet.) (reviewing error involving comment on defendant’s failure to testify under 
Tex. R. App. P.
 44.2(a)); 
Carroll v. State
, 68 S.W.3d 250, 253 (Tex. App.—Fort Worth 2002, no pet.) (holding trial court unconstitutionally coerced defendant into testifying at sentencing in violation of Fifth Amendment; conducting harm analysis under 
Tex. R. App. P.
 44.2(a)).

The question is whether the trial court’s error in overruling appellant’s objection to the State’s argument was harmless beyond a reasonable doubt.  
See Williams v. State
, 958 S.W.2d 186, 194 (Tex. Crim. App. 1997).  In applying the “harmless error” test, our primary question is what effect the error had, or reasonably may have had, on the jury’s decision.
  Mosley v. State,
 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999)
.  Our harmless error analysis must focus upon the error rather than the propriety of the outcome of the trial, trace its probable impact upon the jury, and determine whether it contributed to the conviction or punishment.  
Wesbrook v. State
, 29 S.W.3d 103, 119 (Tex. Crim. App. 2000), 
cert. denied
, 532 U.S. 944 (2001); 
Harris v. State
, 790 S.W.2d 568, 585-87 (Tex. Crim. App. 1989).
  We consider the source and nature of the error, the extent that it was emphasized by the State, its probable collateral implications, the weight a juror would probably place on the error, and whether declaring it harmless would be likely to encourage the State to repeat it with impunity.  
Harris
, 790 S.W.2d at 
587.  This requires us to evaluate the entire record in a neutral, impartial, and even-handed manner, not in the light most favorable to the prosecution.  
Id.
 at 586.

The comment at issue was made in rebuttal to appellant’s attempts to create the impression in the minds of the jury that he suffered from an infirmity that made him drive erratically or appear intoxicated.  
There was no evidence in the record that appellant suffered from a specific infirmity other than cataracts.  Further, the State did not state anywhere else in the record that appellant did not testify regarding “leg problems” or other infirmities.  
Given the strength of the evidence supporting appellant’s conviction, we do not believe that the jury would have placed much weight on the prosecutor’s statement in convicting appellant, nor is it likely that the verdict would have been different had the statement not been made.  We also do not see any reason to anticipate the State repeating the error with impunity
 by us declaring the error harmless.
   After carefully reviewing the record and performing the required harm analysis under rule 44.2(a), we hold beyond a reasonable doubt that the trial court’s error did not contribute to appellant’s conviction or punishment. 
 
Tex. R. App. P.
 44.2(a).
  We overrule appellant’s sole point.

We affirm the trial court’s judgment.     

PER CURIAM

PANEL F: DAY, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  July 24, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The prosecution is referring to a videotape taken of appellant while he was in police custody in the intoxilizer room.