# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00076-CR

**Sean Christopher Brewer, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY
### NO. C-1-CR-08-223109, HONORABLE ELIZABETH ASHLEA EARLE, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

The majority concludes that the trial court violated appellant's privilege against self-incrimination by directly commenting on appellant's failure to testify and that the trial court then committed harmful error by denying appellant's request for a jury instruction to disregard the trial court's comment. *See* U.S. Const. amend. V; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 38.08 (West 2005); Tex. R. App. P. 44.2(a); *Bustamante v. State*, 48 S.W.3d 761, 764-65 (Tex. Crim. App. 2001). Based upon these conclusions, the majority reverses the trial court's judgment and remands for a new trial without addressing the other issues raised by appellant.[1]

---

[1] The judgment was rendered on a jury verdict that appellant was guilty of driving while intoxicated. *See* Tex. Penal Code Ann. § 49.04(a) (West 2003). Appellant was charged with the offense of driving while intoxicated following a police investigation of an accident in which the car that he was driving rear-ended another vehicle.

Because I would conclude that the trial court did not commit reversible error in denying appellant's request for an instruction to disregard, I respectfully dissent.

Appellant challenges the trial court's question "Well, I assume he could testify to that, couldn't he?" The trial court asked this question in an exchange with defense counsel during re-cross examination of the State's witness William Worthy who was a passenger in the vehicle that was rear-ended by appellant's car. The exchange was in response to the State's objection to a line of questioning by defense counsel and occurred as follows:

[DEFENSE COUNSEL 1]: And in this whole time [between the accident and the arrival of the police], Mr. Brewer never put his car in reverse or attempt[ed] to make any movements leaving the scene?

[WORTHY]: The car was still running. So, no, he never moved the car from position. But the car was still running when we exited the vehicle.

[DEFENSE COUNSEL 1]: And in your knowledge and experience, the heaters on automobiles only work when the car is running, right?

[WORTHY]: The heater?

[DEFENSE COUNSEL 1]: The heater, right, to heat the passengers.

[WORTHY]: Well, I know if you turn on the car—you don't have to turn the car over to turn on the fan.

[DEFENSE COUNSEL 1]: But does the heat come out of the vents?

[PROSECUTOR]: Your Honor, I object. We never voir dired this witness as being an expert on automobiles, or a mechanic.

[DEFENSE COUNSEL 1]: We're not asking for an explanation—

2

[THE COURT]:             Let him speak, please.

[PROSECUTOR]:            This is an improper line of questioning. If the State did not introduce Mr. Worthy as a mechanic or expert on automobiles, then asking him his knowledge of whether heaters—whether a car should be running for the heater to go is, frankly, an absolutely improper line of questioning.

[DEFENSE COUNSEL 1]:     It's present sense impression, and it's also opinion testimony by a lay witness, which is admissible under Texas Rule of Evidence 701. I can lay the foundation for it, and we can ask him all about how heaters work, or we can save the jury time and go on.

[THE COURT]:             Where are we going—hold it, hold it. What are we doing? Where are you going with this line of questioning.

[DEFENSE COUNSEL 1]:     I'm trying to show that Mr. Brewer had his car running because it was cold, and his heater was on not because he was trying to—

[THE COURT]:             Well, I assume he could testify to that, couldn't he?

[DEFENSE COUNSEL 2]:     Objection.

[DEFENSE COUNSEL 1]:     I'm sorry.

[THE COURT]:             Are you asking this witness to go ahead . . . and speculate as to what was in his mind or what he was doing? Your client?

[DEFENSE COUNSEL 1]:     No, I'm not calling for speculation. It's present sense impression. I asked whether or not the car made any movements, if he tried to get away. And —let me finish.

[PROSECUTOR]:            It's not a present sense impression, your Honor.

[THE COURT]:             Let him finish. Go ahead.

|                      |                                                                                                                                                                                              |
|----------------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| [DEFENSE COUNSEL 1]: | The State is trying to imply that he left the car on because he was trying to leave. My line of questioning is to show that Mr. Brewer left the car on because it was cold that night, and he kept his heater on. That's all. |
| [THE COURT]:         | Let's move on, then.                                                                                                                                                                          |

After the trial court instructed defense counsel to "move on," defense counsel questioned Worthy about whether it was cold outside on the night of the accident. After further redirect examination by the State, Worthy was excused.

During the State's direct examination of Worthy, Worthy had testified concerning his interactions with appellant after the accident and before the police arrived. He testified that appellant remained in his car with the engine running and that he was concerned that appellant could "easily just turn and drive away." During re-cross examination then, defense counsel sought to question Worthy about another possible reason that appellant left his car's engine running prior to the police's arrival—because it was cold outside and appellant wanted to keep the car's heater working—rather than as an attempt to leave the scene prior to the police's arrival.[2]

---

[2] Prior to this line of questioning, the State previously had objected when defense counsel questioned Worthy concerning another possible reason—because he felt threatened by Worthy—that appellant remained in his car. In response to the State's objection of speculation, the trial court similarly told the parties "to move on." The questions, objection, and the trial court's statement were as follows:

|                      |                                                                                                                                                  |
|----------------------|--------------------------------------------------------------------------------------------------------------------------------------------------|
| [DEFENSE COUNSEL 1]: | Please answer my question. With someone yelling—would it surprise you that someone yelling and screaming at you may want to make you stay in your car? |
| [PROSECUTOR]:        | I object; speculation.                                                                                                                            |

The State called its next witness but, before the State began questioning this witness, defense counsel orally moved for a mistrial "on the Court's commenting on the defendant testifying, that he could testify as to what was going on that evening." The Court denied the motion for mistrial. Defense counsel then asked to submit a written brief in support of the motion, and the Court stated that "well, you can do that later." Later that day, appellant filed a written motion for mistrial or, alternatively, jury instruction limiting and excluding comments made by the Court in front of the jury about Defendant's right to testify.[3]

| | |
|---|---|
| [DEFENSE COUNSEL 1]: | I'll rephrase it. Please answer my question. If someone is—while you were yelling at Mr. Brewer, would it surprise you to know that Mr. Brewer didn't leave his car because he felt threatened? |
| [PROSECUTOR]: | Object on speculation grounds. He is not in the defendant's mindset. He can't testify as to what the defendant was thinking or— |
| [DEFENSE COUNSEL 1]: | It's present sense impression, Judge. |
| [THE COURT]: | Let's move on. Please move on. |
| [DEFENSE COUNSEL 1]: | Mr. Brewer didn't get out of the car, right? |
| [WORTHY]: | Correct. |
| DEFENSE COUNSEL 1]: | And you were yelling at him, right? |
| [WORTHY]: | Correct. |

[3] Appellant could have preserved his challenge to the trial court's comment better by obtaining a ruling by the trial court on his objection and by not waiting until after another witness testified and the video recording of the accident investigation was played to the jury to request a jury instruction to disregard the trial court's comment. *See* Tex. R. App. P. 33.1(a); *Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007) (to preserve error, complainant must make a "timely,

A trial court cannot comment on the failure of an accused to testify. Such a comment violates the privilege against self-incrimination. *See* U.S. Const. amend. V; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 38.08 (West 2005). To determine whether a comment by a trial court violated the right against self-incrimination, "the offending language must be viewed from the jury's standpoint and the implication that the comment referred to the defendant's failure to testify must be clear." *Bustamante*, 48 S.W.3d at 765; *see Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007). "It is not sufficient that the language might be construed as an implied or indirect allusion." *Bustamante*, 48 S.W.3d at 765. "The test is whether the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify." *Id*. "In applying this standard, the context in which the comment was made must be analyzed to determine whether the language used was of such character." *Id*. When a trial court has made an improper comment on a defendant's failure to testify, an instruction to disregard generally will cure the comment. *See Moore v. State*, 999 S.W.2d 385, 405-06 (Tex. Crim. App. 1999) (instruction to disregard will cure comment on failure of defendant to testify except in "most blatant examples").

Here, although made in front of the jury, the trial court's complained-of comment "I assume he could testify to that, couldn't he?" was directed to defense counsel in the context of an objection by the State. The trial court asked defense counsel this question during its exchange with

specific request that is refused by the trial court"); *Young v. State*, 137 S.W.3d 65, 69-70 (Tex. Crim. App. 2004) (discussing preservation of error and timing of motion for mistrial and motion for instruction to disregard). Given my conclusion that the trial court did not commit reversible error by denying appellant's request for an instruction to disregard, I do not address this issue.

counsel concerning Worthy's ability to testify as a lay expert on car engines and heaters. *See* Tex. R. Evid. 701.[4] Defense counsel's specific statement preceding the trial court's question concerned whether it was cold outside the night of the accident and, in that context, the trial court's reference to "he" could have been referring to Worthy's ability to testify that it was cold that night.[5]

Further, even assuming the trial court was referring to appellant in its question to defense counsel, defense counsel suggested the line of questioning was proper as present sense impression, a hearsay exception. *See* Tex. R. Evid. 803(1).[6] In that context, the trial court could have intended by its question to raise its concern with defense counsel that it was improper for Worthy to speculate on appellant's state of mind. Viewing the trial court's question from the jury's standpoint then, the jury could have taken the trial court's question as a comment on the proper scope of Worthy's testimony. I would conclude that the language used by the trial court was not "manifestly intended" or of such character that the jury would "necessarily and naturally" have taken

---

[4] Rule 701 of the rules of evidence provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

Tex. R. Evid. 701.

[5] Appellant contends that the trial court pointed to appellant when asking defense counsel the complained-of question. The record, however, is silent on the trial court's physical gestures at that time.

[6] A present sense impression is "[a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." *Id*. 803(a). Such a statement is not excluded by the hearsay rule even though the declarant is available as a witness. *Id.*

7

the trial court's question as a comment on appellant's failure to testify. *Bustamante*, 48 S.W.3d at 765.

Further, even if I were to assume that the trial court's question was a comment on appellant's failure to testify, I would conclude under the unique facts presented that the trial court did not commit reversible error by denying appellant's request for an instruction. *See* Tex. R. App. P. 44.2(a); *Harris v. State*, 790 S.W.2d 568, 587-88 (Tex. Crim. App. 1989). Appellant did not request a jury instruction to disregard the trial court's comment until later in the trial. At the time that appellant requested the instruction, another witness for the State had testified, and the trial court had played the video recording of the accident investigation for the jury. The trial court could have reasonably concluded that an instruction to disregard at the point that it was requested would have unnecessarily focused attention on the complained-of question that was directed to defense counsel. *See Bustamante v. State*, 109 S.W.3d 1, 6 (Tex. App.—El Paso 2002, no pet.) (op. on remand) (trial court's instruction "actually compounded the error as the instruction itself is another comment on the defendant's failure to testify"). Particularly given the timing of the request for an instruction I would conclude that the trial court did not commit reversible error by denying it.

Because I would conclude that the trial court did not commit reversible error in denying appellant's request for an instruction to disregard, given the context in which the trial court's statement was made and the timing of the requested instruction, I would address appellant's remaining issues.

8

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Filed:   August 31, 2011