TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00076-CR






Sean Christopher Brewer, Appellant


v.


The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY

NO. C-1-CR-08-223109, HONORABLE ELIZABETH ASHLEA EARLE, JUDGE PRESIDING



 

D I S S E N T I N G O P I N I O N

 

 The majority concludes that the trial court violated appellant's privilege against
self-incrimination by directly commenting on appellant's failure to testify and that the trial court
then committed harmful error by denying appellant's request for a jury instruction to disregard the
trial court's comment. See U.S. Const. amend. V; Tex. Const. art. I, § 10; Tex. Code Crim. Proc.
Ann. art. 38.08 (West 2005); Tex. R. App. P. 44.2(a); Bustamante v. State, 48 S.W.3d 761, 764-65
(Tex. Crim. App. 2001). Based upon these conclusions, the majority reverses the trial court's
judgment and remands for a new trial without addressing the other issues raised by appellant. (1) 
Because I would conclude that the trial court did not commit reversible error in denying appellant's
request for an instruction to disregard, I respectfully dissent.

 Appellant challenges the trial court's question "Well, I assume he could testify to
that, couldn't he?" The trial court asked this question in an exchange with defense counsel during
re-cross examination of the State's witness William Worthy who was a passenger in the vehicle that
was rear-ended by appellant's car. The exchange was in response to the State's objection to a line
of questioning by defense counsel and occurred as follows:


 [DEFENSE COUNSEL 1]: And in this whole time [between the accident and the
arrival of the police], Mr. Brewer never put his car in
reverse or attempt[ed] to make any movements
leaving the scene?


 [WORTHY]: The car was still running. So, no, he never moved
the car from position. But the car was still running
when we exited the vehicle.


 [DEFENSE COUNSEL 1]: And in your knowledge and experience, the
heaters on automobiles only work when the car is
running, right?


 [WORTHY]: The heater?


 [DEFENSE COUNSEL 1]: The heater, right, to heat the passengers.


 [WORTHY]: Well, I know if you turn on the car--you don't have
to turn the car over to turn on the fan.


 [DEFENSE COUNSEL 1]: But does the heat come out of the vents?

 

 [PROSECUTOR]: Your Honor, I object. We never voir dired this
witness as being an expert on automobiles, or
a mechanic.


 [DEFENSE COUNSEL 1]: We're not asking for an explanation--


 [THE COURT]: Let him speak, please.


 [PROSECUTOR]: This is an improper line of questioning. If the State
did not introduce Mr. Worthy as a mechanic or
expert on automobiles, then asking him his
knowledge of whether heaters--whether a car should
be running for the heater to go is, frankly, an
absolutely improper line of questioning.


 [DEFENSE COUNSEL 1]: It's present sense impression, and it's also opinion
testimony by a lay witness, which is admissible under
Texas Rule of Evidence 701. I can lay the
foundation for it, and we can ask him all about how
heaters work, or we can save the jury time and go on.


 [THE COURT]: Where are we going--hold it, hold it. What are we
doing? Where are you going with this line of
questioning.


 [DEFENSE COUNSEL 1]: I'm trying to show that Mr. Brewer had his car
running because it was cold, and his heater was on
not because he was trying to--


 [THE COURT]: Well, I assume he could testify to that, couldn't he?


 [DEFENSE COUNSEL 2]: Objection.


 [DEFENSE COUNSEL 1]: I'm sorry.


 [THE COURT]: Are you asking this witness to go ahead . . . and
speculate as to what was in his mind or what he was
doing? Your client?


 [DEFENSE COUNSEL 1]: No, I'm not calling for speculation. It's present
sense impression. I asked whether or not the car
made any movements, if he tried to get away. And
--let me finish.


 [PROSECUTOR]: It's not a present sense impression, your Honor.


 [THE COURT]: Let him finish. Go ahead.


 [DEFENSE COUNSEL 1]: The State is trying to imply that he left the car on
because he was trying to leave. My line of
questioning is to show that Mr. Brewer left the car on
because it was cold that night, and he kept his heater
on. That's all.


 [THE COURT]: Let's move on, then.



After the trial court instructed defense counsel to "move on," defense counsel questioned Worthy
about whether it was cold outside on the night of the accident. After further redirect examination
by the State, Worthy was excused.

 During the State's direct examination of Worthy, Worthy had testified concerning his
interactions with appellant after the accident and before the police arrived. He testified that appellant
remained in his car with the engine running and that he was concerned that appellant could "easily
just turn and drive away." During re-cross examination then, defense counsel sought to question
Worthy about another possible reason that appellant left his car's engine running prior to the police's
arrival--because it was cold outside and appellant wanted to keep the car's heater working--rather
than as an attempt to leave the scene prior to the police's arrival. (2)

 The State called its next witness but, before the State began questioning this witness,
defense counsel orally moved for a mistrial "on the Court's commenting on the defendant testifying,
that he could testify as to what was going on that evening." The Court denied the motion for
mistrial. Defense counsel then asked to submit a written brief in support of the motion, and the
Court stated that "well, you can do that later." Later that day, appellant filed a written motion for
mistrial or, alternatively, jury instruction limiting and excluding comments made by the Court in
front of the jury about Defendant's right to testify. (3)

 A trial court cannot comment on the failure of an accused to testify. Such a comment
violates the privilege against self-incrimination. See U.S. Const. amend. V; Tex. Const. art. I, § 10;
Tex. Code Crim. Proc. Ann. art. 38.08 (West 2005). To determine whether a comment by a trial
court violated the right against self-incrimination, "the offending language must be viewed from the
jury's standpoint and the implication that the comment referred to the defendant's failure to testify
must be clear." Bustamante, 48 S.W.3d at 765; see Cruz v. State, 225 S.W.3d 546, 548 (Tex. Crim.
App. 2007). "It is not sufficient that the language might be construed as an implied or indirect
allusion." Bustamante, 48 S.W.3d at 765. "The test is whether the language used was manifestly
intended or was of such a character that the jury would necessarily and naturally take it as a comment
on the defendant's failure to testify." Id. "In applying this standard, the context in which the
comment was made must be analyzed to determine whether the language used was of such
character." Id. When a trial court has made an improper comment on a defendant's failure to testify,
an instruction to disregard generally will cure the comment. See Moore v. State, 999 S.W.2d 385,
405-06 (Tex. Crim. App. 1999) (instruction to disregard will cure comment on failure of defendant
to testify except in "most blatant examples").

 Here, although made in front of the jury, the trial court's complained-of comment "I
assume he could testify to that, couldn't he?" was directed to defense counsel in the context of an
objection by the State. The trial court asked defense counsel this question during its exchange with
counsel concerning Worthy's ability to testify as a lay expert on car engines and heaters. See Tex.
R. Evid. 701. (4) Defense counsel's specific statement preceding the trial court's question concerned
whether it was cold outside the night of the accident and, in that context, the trial court's reference
to "he" could have been referring to Worthy's ability to testify that it was cold that night. (5)

 Further, even assuming the trial court was referring to appellant in its question to
defense counsel, defense counsel suggested the line of questioning was proper as present sense
impression, a hearsay exception. See Tex. R. Evid. 803(1). (6) In that context, the trial court could
have intended by its question to raise its concern with defense counsel that it was improper for
Worthy to speculate on appellant's state of mind. Viewing the trial court's question from the jury's
standpoint then, the jury could have taken the trial court's question as a comment on the proper scope
of Worthy's testimony. I would conclude that the language used by the trial court was not
"manifestly intended" or of such character that the jury would "necessarily and naturally" have taken
the trial court's question as a comment on appellant's failure to testify. Bustamante, 48 S.W.3d
at 765.

 Further, even if I were to assume that the trial court's question was a comment on
appellant's failure to testify, I would conclude under the unique facts presented that the trial court
did not commit reversible error by denying appellant's request for an instruction. See Tex. R. App.
P. 44.2(a); Harris v. State, 790 S.W.2d 568, 587-88 (Tex. Crim. App. 1989). Appellant did not
request a jury instruction to disregard the trial court's comment until later in the trial. At the time
that appellant requested the instruction, another witness for the State had testified, and the trial court
had played the video recording of the accident investigation for the jury. The trial court could have
reasonably concluded that an instruction to disregard at the point that it was requested would have
unnecessarily focused attention on the complained-of question that was directed to defense counsel. 
See Bustamante v. State, 109 S.W.3d 1, 6 (Tex. App.--El Paso 2002, no pet.) (op. on remand) (trial
court's instruction "actually compounded the error as the instruction itself is another comment on
the defendant's failure to testify"). Particularly given the timing of the request for an instruction I
would conclude that the trial court did not commit reversible error by denying it.

 Because I would conclude that the trial court did not commit reversible error in
denying appellant's request for an instruction to disregard, given the context in which the trial court's
statement was made and the timing of the requested instruction, I would address appellant's
remaining issues.




 __________________________________________

 Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Filed: August 31, 2011


1. The judgment was rendered on a jury verdict that appellant was guilty of driving while
intoxicated. See Tex. Penal Code Ann. § 49.04(a) (West 2003). Appellant was charged with the
offense of driving while intoxicated following a police investigation of an accident in which the car
that he was driving rear-ended another vehicle.
2. Prior to this line of questioning, the State previously had objected when defense counsel
questioned Worthy concerning another possible reason--because he felt threatened by Worthy--that
appellant remained in his car. In response to the State's objection of speculation, the trial court
similarly told the parties "to move on." The questions, objection, and the trial court's statement were
as follows:



 [DEFENSE COUNSEL 1]: Please answer my question. With someone
yelling--would it surprise you that someone yelling
and screaming at you may want to make you stay in
your car?

 

 [PROSECUTOR]: I object; speculation.

 

 [DEFENSE COUNSEL 1]: I'll rephrase it. Please answer my question. If
someone is--while you were yelling at Mr. Brewer,
would it surprise you to know that Mr. Brewer didn't
leave his car because he felt threatened? 

 

 [PROSECUTOR]: Object on speculation grounds. He is not in the
defendant's mindset. He can't testify as to what the
defendant was thinking or--

 

 [DEFENSE COUNSEL 1]: It's present sense impression, Judge.

 

 [THE COURT]: Let's move on. Please move on.

 

 [DEFENSE COUNSEL 1]: Mr. Brewer didn't get out of the car, right?

 

 [WORTHY]: Correct. 

 

 DEFENSE COUNSEL 1]: And you were yelling at him, right?


 [WORTHY]: Correct.

3. Appellant could have preserved his challenge to the trial court's comment better by
obtaining a ruling by the trial court on his objection and by not waiting until after another witness
testified and the video recording of the accident investigation was played to the jury to request a jury
instruction to disregard the trial court's comment. See Tex. R. App. P. 33.1(a); Cruz v. State,
225 S.W.3d 546, 548 (Tex. Crim. App. 2007) (to preserve error, complainant must make a "timely,
specific request that is refused by the trial court"); Young v. State, 137 S.W.3d 65, 69-70 (Tex. Crim.
App. 2004) (discussing preservation of error and timing of motion for mistrial and motion for
instruction to disregard). Given my conclusion that the trial court did not commit reversible error
by denying appellant's request for an instruction to disregard, I do not address this issue.

4. Rule 701 of the rules of evidence provides:


 If the witness is not testifying as an expert, the witness' testimony in the form of
opinions or inferences is limited to those opinions or inferences which are (a)
rationally based on the perception of the witness and (b) helpful to a clear
understanding of the witness' testimony or the determination of a fact in issue.


Tex. R. Evid. 701.
5. Appellant contends that the trial court pointed to appellant when asking defense counsel
the complained-of question. The record, however, is silent on the trial court's physical gestures at
that time.
6. A present sense impression is "[a] statement describing or explaining an event or condition
made while the declarant was perceiving the event or condition, or immediately thereafter." Id.
803(a). Such a statement is not excluded by the hearsay rule even though the declarant is available
as a witness. Id.